KAY BACON, aka Geraldine K. Bacon, dba Kaanapali Royal Rentals, Plaintiff-Appellant, *v.* JOEL M. KARLIN, M.D., Individually, and in his capacity as a Director of the Board of Directors of the Association of Apartment Owners of Kaanapali Royal, Defendant-Appellee

NO. 11139

(CIVIL NO. 7461(3))

NOVEMBER 18, 1986

LUM, C.J., NAKAMURA, PADGETT, AND HAYASHI, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE TANAKA, IN PLACE OF WAKATSUKI, J., EXCUSED

*Per Curiam.* Plaintiff-Appellant Kay Bacon appeals from an order of the Circuit Court of the Second Circuit granting Defendant-Appellee Joel Karlin's motion for summary judgment. As in every case brought before us, we must first determine whether we have jurisdiction to entertain the appeal. From a careful review of the record, we conclude we do not. We therefore dismiss the appeal *sua sponte.*

I.

Kay Bacon was employed as office manager for Kaanapali Royal, a condominium complex in Kaanapali, Maui, and Joel Karlin owned two apartments therein. He also served as a member of the Board of Directors of the Association of Apartment Owners of Kaanapali Royal and as president of the Board of Governors of Kaanapali Royal Rentals. Bacon sued Karlin on January 10, 1984, alleging she had been damaged by the latter's defamatory statements and tortious interference with contractual relationships between herself and the association and between herself and existing and prospective condominium owners.

Karlin subsequently moved the circuit court for "an order granting summary judgment dismissing this action." The court orally granted the motion on August 20, 1985, and an "Order Granting Defendant's Motion for Summary Judgment," approved as to form and content by the attorneys for both parties, was filed on September 23, 1985. But a "Notice of Entry of Order" was not filed until November 12, 1985. And it was not until November 14, 1985 that counsel for defendant filed a certificate reciting that copies of the order and notice of entry of that order had been mailed to opposing counsel.[1]

---

[1] Rule 77 of the Hawaii Rules of Civil Procedure (HRCP) provides in pertinent part:
    (d) Notice of Orders or Judgments.   Immediately upon entry of a judgment, or an order for which notice of entry is required by these rules, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. . . . In addition, immediately upon entry, the party presenting the judgment or order shall serve a copy thereof in the manner provided in Rule 5.

Plaintiff's attorney filed an "Ex Parte Motion for Extension of Time to File Notice of Appeal" on December 11, 1985, averring there was good cause for an extension because plaintiff had been out of state. The trial court approved the motion and extended the time for filing a notice of appeal to January 11, 1986. Plaintiff eventually filed the required notice on January 3, 1986.

## II.

We are empowered "[t]o hear and determine all questions of law, or of mixed law and fact, which are *properly brought before [us]* on any appeal allowed by law from any other court or agency." HRS § 602-5(1) (Supp. 1984) (emphasis added). But to be effective, "[a]n appeal [must] be taken in the manner and within the time provided by the rules of court." HRS § 641-1(c) (1976).[2]

Moreover, it is axiomatic that we are "under an obligation to ensure that [we have] jurisdiction to hear and determine each case and to dismiss an appeal on [our] own motion where [we] conclude [we] lack[] jurisdiction." *BDM, Inc. v. Sageco, Inc.,* 57 Haw. 73, 73, 549 P.2d 1147, 1148 (1976). "When we perceive a jurisdictional defect in an appeal, we must, *sua sponte,* dismiss that appeal." *Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd.,* 68 Haw. ___, ___, 714 P.2d 936, 937 (1986) (citations omitted). Indeed, an appellant's failure to file a timely notice of appeal "is a jurisdictional defect [that] can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion." *Naki v. Hawaiian Electric Co.,* 50 Haw. 85, 86, 431 P.2d 943, 944 (1967) (citation omitted).

## III.

The time for filing a notice of appeal is governed by Hawaii Rules of Appellate Procedure (HRAP) Rule 4, which in relevant part provides:

---

[2]HRS § 602-11 (Supp. 1984) reads in part:

Rules. The supreme court shall have power to promulgate rules in all civil and criminal cases for all courts relating to process, practices, procedure and appeals, which shall have the force and effect of law. Such rules shall not abridge, enlarge, or modify the substantive rights of any litigant, nor the jurisdiction of any of the courts, nor affect any statute of limitations.

(a) Appeals in Civil Cases.

(1) In a civil case in which an appeal is permitted by law as of right from a court or agency . . . , the notice of appeal required by Rule 3 shall be filed by a party with the clerk of the court or agency appealed from within 30 days after the date of entry of the judgment or order appealed from. . . .

.    .    .    .

(5) The court or agency appealed from, upon a showing of *excusable neglect or good cause,* may extend the time for filing a notice of appeal upon motion actually filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(4) of this Rule 4. Any such motion which is filed *before expiration* of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed *after expiration* of the prescribed time shall be given to the other parties in accordance with the rules of the court or agency appealed from. (Emphasis added).

The rule thus recognizes that strict adherence to the thirty-day deadline may be unduly burdensome or unjust in some cases. Consequently, upon a proper showing of "excusable neglect or good cause," the time for filing a notice of appeal may be enlarged.[3] A motion for extension of time filed before the deadline "may be ex parte unless the court otherwise requires." But a motion filed in the thirty-day period following the expiration of the deadline must be noticed to the opposing party "in accordance with the rules of the court or agency appealed from." In other words, unless the original thirty-day deadline has been tolled by one of the tolling motions enumerated in Rule 4(a)(4), a motion for extension of time must be "actually filed" no later than sixty days after entry of the judgment or order.[4] A failure to file a timely

---

[3]The deadlines articulated in Rule 4 are hard and fast. HRAP Rule 26 says:

(b) Enlargement of Time. The Hawaii appellate courts for good cause shown upon motion may enlarge the time prescribed by these rules for doing any act, or may permit an act to be done after the expiration of such time. *Provided, however, no court is authorized to change the jurisdictional requirements contained in Rule 4, supra.* (Emphasis added).

[4]However, there is no specific time limit governing when the trial court must issue its order granting a timely-filed motion for extension. HRAP Rule 4(a)(5) mandates that "[n]o such extension shall exceed 30 days past [the original deadline] or 10 days from the date of entry of the order granting the motion, *whichever occurs later.*" (Emphasis added).

motion bars an appeal, for the trial court may not grant an extension not authorized by Rule 4(a)(5).

Kay Bacon's failure to follow these rules deprives us of jurisdiction to hear her appeal. The trial court's order granting summary judgment was filed on September 23, 1985, and her motion for extension of time was "actually filed" on December 11, 1985, some seventy-nine days later and nineteen days after the deadline.[5] She misapprehended our rules of appellate procedure, apparently believing the filing of the notice of entry of order on November 12, 1985 served as the commencement date of the crucial thirty-day period. But HRAP Rule 4(a)(1) unambiguously refers to the "date of entry of the judgment or order" as the time when the thirty days begin to run. Under Rule 4(a)(6), "[a] judgment or order is entered within the meaning of this Rule 4(a) when it is filed in the office of the clerk of the court or agency involved."

Even though she did not receive prompt notice of entry of the order granting summary judgment, Ms. Bacon had advance knowledge that the order would be filed. Her attorney was present when the oral order awarding judgment was issued, and he approved the written order of September 23, 1985 before it was filed. Furthermore, delinquent service of such a notice does not toll the time for appeal, for HRCP Rule 77(d) expressly provides that

> [l]ack of notice of the entry by the clerk, or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawaii Rules of Appellate Procedure.

We are without jurisdiction to hear and decide the appeal, and it is dismissed.

*Everett Walton* (*Nelson Christensen* on the briefs) for appellant.

---

[5]Plaintiff's motion for extension of time was dated December 6, 1985, but it was not file stamped until December 11, 1985. Although, in this case, the five days would not have saved the appeal, it is clear that the requirement in HRAP Rule 4(a) that a motion for extension be "actually filed" is of great import. It bears noting that Rule 4(a) is not satisfied by the attorney's own date designation, but only by the official circuit court file stamp. Therefore, it would behoove attorneys to have the court clerk file their motion immediately, even before the judge decides whether to grant an extension of time to file a notice of appeal.

On the brief:
*Barry K. Tagawa* and *Stephen B. MacDonald* (*Cades, Schutte, Fleming & Wright*, of counsel) and *John S. Nishimoto* (*Libkuman, Ventura, Ayabe & Hughes*, of counsel) for appellee.