DAVID T. MOYSA and JANE F. MOYSA, Respondents/Petitioners-Appellees,
v.
ERIC L. DAVIES and MIRELLA M. DAVIES, Petitloners/Respondents-Appellants.
No. 28753.
Supreme Court of Hawaii.
October 2, 2009.
Eric L. Davies and Mirella M. Davies, pro se, petitioners/respondents-appellants.
Adrian W. Rosehill, for respondents/petitloners-appellees.

SUMMARY DISPOSITION ORDER
MOON, C.J., NAKAYAMA, ACOBA, and DUFFY, JJ. and Circuit Judge POLLACK, in place of RECKTENWALD, J. recused
We accepted petitioners/respondents-appellants Eric Davies' and Mirella Davies' (the Davies) application for a writ of certiorari to review that part of the May 4, 2009 Summary Disposition Order of the Intermediate Court of Appeals (ICA) that concluded that the Davies' right of free speech was not violated by special condition 1 of the district court's July 31, 2007 amended injunction order, which was entered pursuant to a motion to amend the original injunction order (motion to amend). The summary disposition order also disposed of issues raised by the district court's August 21, 2007 order denying a motion for relief from the original injunction order (motion for relief).
The motion to amend and the motion for relief were filed pursuant to DCRCP Rule 60(b) and were post-judgment motions in Civil No. 1SS06-1-01393. The July 31, 2007 amended injunction order amended special condition 1  pursuant to the motion to amend  by changing the measurement of sound from decibels to distance. The July 31, 2007 amended injunction order disposed of all issues raised in the motion to amend and thereby ended the post-judgment proceeding on the motion to amend. The July 31, 2007 amended injunction order effectively granted the motion to amend and left nothing further to be accomplished on the amendment of special condition 1. Therefore, the July 31, 2007 amended injunction order was final and appealable under HRS § 641-1(a) (Supp. 2007). See Ditto v. McCurdy, 103 Hawai`i 153, 157-58, 80 P.3d 974, 978-79 (2003); Chun v. Bd. of Trustees of E.R.S., 92 Hawai`i 432, 447-48, 992 P.2d 127, 142-43 (2000). The August 21, 2007 order denying the motion for relief was also final and appealable under HRS § 641-1(a).
The time for appealing the July 31, 2007 amended injunction order commenced upon entry of the order, not upon entry of the August 21, 2007 order granting the motion to amend, which was superfluous. The September 19, 2007 notice of appeal was filed within thirty days after entry of the August 21, 2007 order denying the motion for relief, but more than thirty days after entry of the July 31, 2007 amended injunction order. The September 19, 2007 notice of appeal timely appealed the August 21, 2007 order denying the motion for relief, but did not timely appeal the July 31, 2007 amended injunction order. See HRAP 4(a)(1). The timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be waived by the parties or disregarded by the appellate court in the exercise of judicial discretion. See Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in [HRAP] Rule 4.").
Because the Davies' timely appealed the August 21, 2007 order denying the motion for relief, but did not timely appeal the July 31, 2007 amended injunction order, the ICA had jurisdiction to decide the issues raised by the August 21, 2007 order denying the motion for relief, but lacked jurisdiction to decide the issues raised by July 31, 2007 amended injunction order. The issue of whether special condition 1, as amended, violated the Davies' right of free speech was an issue raised by the July 31, 2007 amended injunction order. The ICA lacked jurisdiction to decide that issue. Special condition 1, as amended, stands.
Therefore,
IT IS HEREBY ORDERED THAT the ICA's May 4, 2009 Summary Disposition Order is vacated as to those parts of the order that concluded that: (1) special condition 1 is not overly broad or vague and does not violate the Davies' right of free speech and (2) the imposition of special condition 1 was not an abuse of discretion because special condition 1 did not violate the Davies' right of free speech.