LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29929

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL P. FLINCHBAUGH, Plaintiff-Appellee, v.
JOHN R. CATES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-1022)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendant-Appellant John R. Cates (Appellant Cates) has asserted from the Honorable Gary W. B. Chang's January 9, 2009 judgment, because Appellant Cates's appeal is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

The January 9, 2009 judgment resolved all claims against all parties, and, thus, the January 9, 2009 judgment is an appealable final judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2008), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Pursuant to HRAP Rule 4(a)(3),[1] Appellant Cates extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal by timely filing Appellant Cates's

---

[1] Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

HRAP Rule 4(a)(3) (effective July 1, 2006) (emphases added).

January 20, 2009[2] HRCP Rule 50 and HRCP Rule 59 motion for judgment as a matter of law, a new trial or, in the alternative, remittitur within ten days after entry of the January 9, 2009 judgment, as HRCP Rule 50 and HRCP Rule 59 required for such a motion.  However, when a party files a timely post-judgment motion that tolls the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007); see HRAP Rule 4(a)(3) ("[T]he failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.").  When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the date on which the movant] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008).  The ninetieth day after January 20, 2009, was April 20, 2009, at the end of which time Appellant Cates's January 20, 2009 HRCP Rule 50 and HRCP Rule 59 motion for judgment as a matter of law, a new trial or, in the alternative, remittitur was deemed denied pursuant to HRAP Rule 4(a)(3).  Although the circuit court later entered a June 26, 2009 written order that purports to deny Appellant Cates's January 20, 2009 HRCP Rule 50 and HRCP Rule 59 motion for judgment as a matter of law, a new trial or, in the alternative, remittitur, the June 26, 2009 written order is untimely, superfluous, and void under HRAP Rule 4(a)(3). Appellant Cates did not file his July 6, 2009 notice of appeal within thirty days after the April 20, 2009 deemed denial of Cates's January 20, 2009 HRCP Rule 50 and HRCP Rule 59 motion for judgment as a matter of law, a new trial or, in the alternative,

---

[2]     The tenth calendar day after January 9, 2009, was Monday, January 19, 2009, which was  Martin Luther King Day, and, thus, HRCP Rule 6(a) extended the ten-day deadline under HRCP Rule 50 and HRCP Rule 59 until Tuesday, January 20, 2009.

remittitur, as HRAP Rule 4(a)(3) required. Therefore, Cates's July 6, 2009 notice of appeal is untimely under HRAP Rule 4(a)(3). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack appellate jurisdiction over this case. Therefore,

IT IS HEREBY ORDERED that Appeal No. 29929 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 7, 2010.

Chief Judge

Associate Judge

Associate Judge

-3-