NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARIANO V. HERNANDO, Plaintiff-Appellant,

v.

DEPARTMENT OF EDUCATION, DEPARTMENT OF HUMAN RESOURCES
DEVELOPMENT and MERIT APPEALS BOARD, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1015)

ORDER GRANTING IN PART AND DENYING
IN PART THE DECEMBER 7, 2009 MOTION TO
DISMISS THE APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of (1) Defendants-Appellees Department of Education (Appellee DOE) and Department of Human Resources Development's (Appellee DHRD) December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction, (2) Defendant-Appellee Merit Appeals Board's (Appellee MAB) December 9, 2009 joinder in Appellees DOE and DHRD's December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction, (3) Plaintiff-Appellant Mariano V. Hernando's (Appellant Hernando) December 14, 2009 memorandum in opposition to Appellees DOE and DHRD's December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction, (4) Appellees DOE and DHRD's December 17, 2009 reply memorandum in support of Appellees DOE and DHRD's December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction, and (5) the record, we initially note that Rule 27 of the Hawai'i Rules of Appellate Procedure (HRAP) does not

authorize a movant to file a reply memorandum in support of a motion.  Therefore,

IT IS HEREBY ORDERED that Appellees DOE and DHRD's December 17, 2009 reply memorandum in support of Appellees DOE and DHRD's December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction is stricken from the record, because Appellees DOE and DHRD's December 17, 2009 reply memorandum violates HRAP Rule 27.

We agree in part and disagree in part with Appellees DOE and DHRD's December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction.  Thus, as explained below, we grant in part and deny in part Appellees DOE and DHRD's December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction.

Appellant Hernando filed her September 29, 2009 notice of appeal in an apparent attempt to assert an appeal from the following nine judgments and orders:

> (1)   the Honorable Karen S. S. Ahn's November 6, 2007 "Order Granting Defendants Merit Appeals Board, State of Hawaii's Motion to Dismiss Complaint or, in the Alternative, Motion for Summary Judgment";
>
> (2)   a December 17, 2007 proposed judgment that the circuit court rejected by refusing to sign it, and, instead, stamping the word "denied" on the proposed judgment;
>
> (3)   the Honorable Karl K. Sakamoto's October 24, 2008 "Findings of Fact, Conclusions of Law, and Order Granting Defendants Department of Education and Department of Human Resources Development's Motion for Summary Judgment and Denying Plaintiff's Cross-Motion for Summary Judgment";
>
> (4)   the Honorable Karl K. Sakamoto's January 14, 2009 "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting Defendants

Department of Education and Department of Human Resources Development's Motion for Summary Judgment Dated October 24, 2008";

(5)    the Honorable Karl K. Sakamoto's February 25, 2009 judgment;

(6)    the Honorable Karl K. Sakamoto's June 9, 2009 "Order Denying Plaintiff's Motion for Clarification or in the Alternative for Summary Judgment Filed April 2, 2009";

(7)    the Honorable Karl K. Sakamoto's June 24, 2009 amended judgment;

(8)    the Honorable Karl K. Sakamoto's October 1, 2009 post-judgment "Order Denying Plaintiff's Motion for an Order Requesting the Court to Determine Finality as to All Parties and as to All Claims for Purposes of Appellate Jurisdiction Pursuant to Rule 54(b), HRCP, or in the Alternative, Motion for Finding by the Court Whether an Appellate Body for Jurisdiction Department of Education as Defined in HRS 76-11 Now Exists and Such Finding Made Pursuant to Rule 52 HRCP" (hereinafter "the October 1, 2009 post-judgment order denying Appellant Hernando's motion for a determination of finality"); and

(9)    the Honorable Karl K. Sakamoto's October 1, 2009 post-judgment "Order Plaintiff's Motion for an Order Compelling Defendants to File Answers to Plaintiff's First Request for Admissions Served on Defendants on June 4, 2009 or, in the Alternative, that Documents Be Deemed as Genuine and Statement Admitted as True, and Order Denying Defendants Department of Education and Department of Human Resources Development's Request for Attorneys' Fees and Costs" (hereinafter "the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions").

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2008) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set

-3-

forth on a separate document." HRCP Rule 58. Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Therefore, all of the prejudgment interlocutory orders that Appellant Hernando is attempting to appeal are eligible for appellate review only by way of a timely appeal from an appealable final judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

The circuit court entered two judgments that appear to have resolved all claims against all parties in this case: (1) the February 25, 2009 judgment and (2) the June 24, 2009 amended judgment. Although both of these judgments appear to be final and appealable, Appellant Hernando did not file her September 29, 2009 notice of appeal within thirty days after entry of either the February 25, 2009 judgment or the June 24, 2009 amended judgment, as HRAP Rule 4(a)(1) requires for a timely appeal. Appellant Hernando did not file any post-judgment motions that would have extended the thirty-day period under HRAP Rule 4(a)(1) pursuant to the tolling provision within HRAP Rule 4(a)(3). Consequently, Appellant Hernando's September 29, 2009 notice of appeal is untimely as to the February 25, 2009

judgment and the June 24, 2009 amended judgment. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Therefore, we lack jurisdiction over Appellant Hernando's appeal in appellate court case number 30090 to the extent that Appellant Hernando seeks appellate review of the February 25, 2009 judgment, the June 24, 2009 amended judgment, and all of the interlocutory orders that preceded these two judgments.

Appellant Hernando also seeks appellate review of two post-judgment orders:

(1)     the October 1, 2009 post-judgment order denying Appellant Hernando's motion for a determination of finality; and

(2)     the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions.

A "post-judgment order is an appealable final order under HRS § 641-1(a) if the order end[ed] the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "[T]he separate judgment requirement articulated in Jenkins [v. Cades Schutte Fleming & Wright] is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979.

> Clearly, the rule in Jenkins - to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in

favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken - is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Id. at 159, 80 P.3d at 980.

The October 1, 2009 post-judgment order denying Appellant Hernando's motion for a determination of finality was superfluous, because the June 24, 2009 amended judgment already determined the issue of finality. In effect, the October 1, 2009 post-judgment order denying Appellant Hernando's motion for a determination of finality unnecessarily repeats the adjudication of finality set forth in the June 24, 2009 amended judgment. As already explained, Appellant Hernando did not file her September 29, 2009 notice of appeal within thirty days after entry of the June 24, 2009 amended judgment, as HRAP Rule 4(a)(1) requires for a timely appeal. Because Appellant Hernando is not entitled to appellate review of the June 24, 2009 amended judgment, Appellant Hernando is likewise not entitled to appellate review of the superfluous October 1, 2009 post-judgment order denying Appellant Hernando's motion for a determination of finality.

The October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions appears to have ended its respective post-judgment proceeding for Appellant Hernando's motion to compel answers to request for admissions, having left nothing further to be accomplished. Therefore, the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions is an appealable final post-judgment order pursuant to HRS § 641-1(a).

Appellant Hernando filed her September 29, 2009 notice of appeal prematurely, i.e., prior to entry of the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). However, as an exception to the general rule, "[i]f a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal." HRAP Rule 4(a)(2) (emphases added). The record on appeal shows that Appellant Hernando filed her September 29, 2009 notice of appeal after the circuit court's prior announcement of its decision regarding, but before written entry of, the adjudication that resulted in the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions. As a result, pursuant to HRAP Rule 4(a)(2), Appellant Hernando's September 29, 2009 notice of appeal is timely as to the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions. Therefore, we have jurisdiction over Appellant Hernando's appeal from the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions pursuant to HRS § 641-1(a). Accordingly,

IT IS HEREBY ORDERED that Appellees DOE and DHRD's December 7, 2009 motion to dismiss appellate court case number 30090 for lack of jurisdiction is granted in part and denied in part as follows. We grant in part Appellees DOE and DHRD's December 7, 2009 motion, and, therefore, we dismiss appellate court case number 30090 for lack of jurisdiction, as to the following eight judgments and interlocutory orders:

(1) the Honorable Karen S. S. Ahn's November 6, 2007 "Order Granting Defendants Merit Appeals Board, State of Hawaii's Motion to Dismiss Complaint or, in the Alternative, Motion for Summary Judgment";

(2) the December 17, 2007 proposed judgment that the circuit court rejected by refusing to sign it, and, instead, stamping the word "denied" on the proposed judgment;

(3) the Honorable Karl K. Sakamoto's October 24, 2008 "Findings of Fact, Conclusions of Law, and Order Granting Defendants Department of Education and Department of Human Resources Development's Motion for Summary Judgment and Denying Plaintiff's Cross-Motion for Summary Judgment";

(4) the Honorable Karl K. Sakamoto's January 14, 2009 "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting Defendants Department of Education and Department of Human Resources Development's Motion for Summary Judgment Dated October 24, 2008";

(5) the Honorable Karl K. Sakamoto's February 25, 2009 judgment;

(6) the Honorable Karl K. Sakamoto's June 9, 2009 "Order Denying Plaintiff's Motion for Clarification or in the Alternative for Summary Judgment Filed April 2, 2009";

(7) the Honorable Karl K. Sakamoto's June 24, 2009 amended judgment; and

(8) the October 1, 2009 post-judgment order denying Appellant Hernando's motion for a determination of finality.

We deny in part Appellees DOE and DHRD's December 7, 2009 motion, and, therefore, we do not dismiss appellate court case number 30090, as to the October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions.

Pursuant to HRAP Rule 28, the parties shall proceed to file their respective appellate briefs in appellate court case number 30090 with respect to Appellant Hernando's appeal from October 1, 2009 post-judgment order denying Appellant Hernando's motion to compel answers to request for admissions.

DATED: Honolulu, Hawaiʻi, February 10, 2010.

Chief Judge

Associate Judge

Associate Judge