NO. 30106

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD W. RADUENZEL, Plaintiff-Appellee,
DEVON JAMES MONCUR, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC08-1-9310)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendant-Appellant Devon James Moncur (Appellant) has asserted from the Honorable Christopher P. McKenzie's (1) May 11, 2009 judgment, (2) June 29, 2009 "Order Denying Defendant Moncur's Motion for Reconsideration" (the June 29, 2009 order denying Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration) and (3) September 25, 2009 "First Supplement to Order Denying Defendant Moncur's Motion for Reconsideration" (the September 25, 2009 supplemental order denying Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration) because Appellant's appeal is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

Appellant is appealing pursuant to Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2008).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The May 11, 2009 judgment ended the proceeding for the adjudication of the substantive issues in Plaintiff-Appellee Richard W. Raduenzel's (Appellee) complaint, leaving nothing further to be accomplished. Pursuant to HRAP Rule 4(a)(3),[1] Appellant tolled the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal when Appellant timely submitted his motion for reconsideration to the district court on May 21, 2009,[2] within ten days after entry of the May 11, 2009 judgment, as Rule 59 of the District Court Rules of Civil Procedure (DCRCP) requires. However, Appellant did not file his October 8, 2009 notice of appeal within thirty days after entry of the June 29, 2009 order denying Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration, as HRAP Rule 4(a)(3) requires. Therefore, Appellant Moncur's October 8, 2009 notice of appeal is not timely as to (1) June 29, 2009 order denying Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration or (2) the May 11, 2009 judgment. The failure to

---

[1]    HRAP Rule 4(a)(3) provides:

(3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

HRAP Rule 4(a)(3) (effective July 1, 2006) (emphases added).

[2]    See Doe v. Doe, 98 Hawai'i 144, 151, 44 P.3d 1085, 1092 (2002) (the date on which a trial court receives a document prevails over any subsequent file-stamped date on which the trial court eventually files the document).

file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion.  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].").  Consequently, we lack jurisdiction over Appellant's appeal from (1) the June 29, 2009 order denying Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration and (2) the May 11, 2009 judgment.

Although the district court entered another order, namely, the September 25, 2009 supplemental order denying Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration, on September 25, 2009, the district court no longer had jurisdiction to rule on Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration.  When a party files a timely tolling motion that extends the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed."  Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007).  When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008).  The ninetieth day after Appellant submitted his May 21, 2009 DCRCP Rule 59 motion for reconsideration to the district court for filing was

Wednesday, August 19, 2009, at the end of which time the district court lost jurisdiction to adjudicate Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration. Pursuant to HRAP Rule 4(a)(3), the September 25, 2009 supplemental order denying Appellant's May 21, 2009 DCRCP Rule 59 motion for reconsideration is null and void, and, therefore, not appealable.

Absent a timely appeal, we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number 30106 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 3, 2010.

Presiding Judge

Associate Judge

Associate Judge