LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29798

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PASCAL C. BOLOMET and ROUTH T. BOLOMET,
Plaintiffs-Appellants,

v.

RLI INSURANCE COMPANY, JAMES G. McLEAN, and ANNE L. McLEAN,
Defendants-Appellees,

and

JOHN and JANE DOES 1-50 and DOE ENTITIES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-2222)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of (1) the August 26, 2009 order dismissing appellate court case number 29798 for lack of jurisdiction, (2) a September 3, 2009 motion by Defendants-Appellants Pascal C. Bolomet and Routh T. Bolomet (the Bolomet Appellants) for reconsideration of the August 26, 2009 order dismissing appellate court case number 29798 pursuant to Rule 40 of the Hawai'i Rules of Appellate Procedure (HRAP), (3) the September 11, 2009 order granting the Bolomet Appellants' September 3, 2009 HRAP Rule 40 motion for reconsideration of the August 26, 2009 order dismissing appellate court case number 29798, and remanding this case to the circuit court with instructions to hold a hearing on issues relating to the timeliness of the Bolomet Appellants' notice of appeal, (4) the Honorable Derrick H. M. Chan's December 29, 2009 findings of fact, conclusions of law, decision and order on the issues relating to the timeliness of the Bolomet Appellants' appeal, and (5) the record, it appears that the circuit court has found and concluded that

- a circuit court clerk did not refuse to allow the Bolomet Appellants to file their notice of appeal on April 30, 2009, the final day on which the Bolomet Appellants could file a timely notice of appeal pursuant to HRAP Rule 4(a)(3), and

- the Bolomet Appellants did not properly serve a motion for an extension of time to file their notice of appeal and did not demonstrate excusable neglect for failing to file their notice of appeal on time.

Consequently, it appears that the Bolomet Appellants' appeal is untimely under HRAP Rule 4(a)(3).

In the instant case, the Honorable Bert I. Ayabe's January 23, 2009 judgment resolved all claims against all parties, and, thus, the January 23, 2009 judgment is an appealable final judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Pursuant to HRAP Rule 4(a)(3), the Bolomet Appellants extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal by timely filing their January 27, 2009 HRCP Rule 59 motion for reconsideration within ten days after entry of the January 23, 2009 judgment, as HRCP Rule 59 required. However, the Bolomet Appellants did not file their May 1, 2009 notice of appeal within thirty days after entry of the March 31, 2009 order denying the Bolomet Appellants' January 27, 2009 HRCP Rule 59 motion for reconsideration, as HRAP Rule 4(a)(3) required. Therefore, the Bolomet Appellants' May 1, 2009 notice of appeal is not timely under HRAP Rule 4(a)(3).

As already noted, we remanded this case to the circuit court with instructions to hold a hearing on issues relating to the timeliness of the Bolomet Appellants' notice of appeal. After holding an evidentiary hearing, the circuit court has concluded that

- a circuit court clerk did not refuse to allow the Bolomet Appellants to file their notice of appeal on April 30, 2009, the final day on which the Bolomet Appellants could file a timely notice of appeal pursuant to HRAP Rule 4(a)(3), and

- the Bolomet Appellants did not properly serve a motion for an extension of time to file their notice of appeal and did not demonstrate excusable neglect for failing to file their notice of appeal on time.

Consequently, it appears that the Bolomet Appellants' appeal is untimely under HRAP Rule 4(a)(3).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Accordingly,

IT IS HEREBY ORDERED that in response to Appellants' motion for reconsideration, we reaffirm our August 26, 2009 order dismissing this appeal for lack of jurisdiction. This appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 15, 2010.

Chief Judge

Associate Judge

Associate Judge