LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

NO. 30297

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SYLVIA CABRAL,
Plaintiff/Counterclaim-Defendant/Appellant,

v.

PALISADES POINTE ESTATES, INC., EDWARD LEE BATES, et al.,
Defendant/Counterclaim Plaintiff/Appellee,

and

GREAT AMERICAN HOTELS AND RESORTS, INC.,
Intervenor-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 03-1-0212)

ORDER GRANTING JULY 8, 2010 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendant/Counterclaim Plaintiff/ Appellee Palisade Pointe Estates, Inc. (Appellee Palisade Pointe Estates) and Defendant-Appellee Edward L. Bates's (Appellee Bates) July 8, 2010 motion to dismiss appellate court case number 30297 for lack of jurisdiction, and (2) the record, and in consideration of (3) Plaintiff/Counterclaim-Defendant/Appellant Sylvia Cabral's (Appellant Cabral) lack of response to Appellee Palisade Pointe Estates and Appellee Bates's July 8, 2010 motion to dismiss appellate court case number 30297 for lack of jurisdiction, it appears that we lack jurisdiction over the appeal that Appellant Cabral as asserted from the Honorable Joseph F. Cardoza's December 3, 2009 "Order of the Hearing Held October 30, 2009 on Various Motions and Various Submissions Filed by Plaintiff Sylvia Cabral" and December 3, 2009 "Order Expunging Bureau Filing" (hereinafter "the two December 3, 2009 interlocutory orders") because the record on appeal does not

appear to contain a valid, appealable, final judgment pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and even assuming, arguendo, that these two interlocutory orders are appealable, Appellant Cabral's January 14, 2009 notice of appeal is not timely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c) (1993 & Supp. 2009). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

In the instant case, the circuit court appears to have entered two appealable, final judgments: (1) a November 6, 2003 default judgment, and (2) an October 21, 2008 judgment that dismissed all claims in this case. However, it appears that the circuit court set aside these two judgments through orders that the circuit court entered on December 3, 2009, and January 21, 2009, respectively. Consequently, it appears that the record on appeal does not contain a valid, appealable, final judgment. Absent a valid, appealable, final judgment, the two December 3, 2009 interlocutory orders are not appealable unless they satisfy the requirements for interlocutory appeals pursuant to the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, or HRS § 641-1(b). Even assuming, arguendo, that the two December 3, 2009 interlocutory orders satisfy all the requirements for the Forgay doctrine, the

collateral order doctrine, or HRS § 641-1(b), Appellant Cabral did not file her January 14, 2010 notice of appeal within thirty days after entry of the two December 3, 2009 interlocutory orders, as HRAP Rule 4(a)(1) required. Therefore, Appellant Cabral's appeal from the two December 3, 2009 interlocutory orders is untimely.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Accordingly,

IT IS HEREBY ORDERED that Appellee Palisade Pointe Estates and Appellee Bates's July 8, 2010 motion to dismiss appellate court case number 30297 for lack of jurisdiction is granted, and this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 27, 2010.

Presiding Judge

Associate Judge

Associate Judge