**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000010**
**30-NOV-2018**
**08:12 AM**

NO. CAAP-18-0000010

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF AB

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-S NO. 15-0007 )

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Proposed Intervenor-Appellant KL (**KL**) appeals from the following orders entered by the Family Court of the Third Circuit (**Family Court**):[1]  (1) Order Awarding Permanent Custody, filed on April 3, 2017 (**Order Awarding Permanent Custody**); (2) Order Continuing Permanent Custody, filed on July 31, 2017 (**Order Continuing Permanent Custody**); (3) Order Denying Motion to Intervene, filed on October 9, 2017 (**Order Denying Intervention**); and (4) Order Denying Motion for Reconsideration of Order Entered October 9, 2017, Denying Motion to Intervene, filed on December 21, 2017 (**Order Denying Reconsideration**).  KL filed a Notice of Appeal on January 5, 2018.

---

[1]     The Honorable Darien W.L. Ching Nagata presided.

On appeal, KL contends that the Family Court: (1) plainly erred when it entered the Order Awarding Permanent Custody; (2) plainly erred when it entered the Order Continuing Permanent Custody; (3) erred in entering the Order Denying Intervention; and (4) abused its discretion in entering the Order Denying Reconsideration. KL states that the relief she is seeking from this court is to vacate the Order Awarding Permanent Custody and award permanent custody of AB to her.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve KL's points of error as follows:

(1) Even if KL had standing to oppose the award of permanent custody to the State of Hawai'i, Department of Human Services (**DHS**),[2] this court lacks appellate jurisdiction over KL's appeal from the Order Awarding Permanent Custody because the appeal is untimely. Appeals must be taken "in the manner and within the time provided by the rules of court." Hawaii Revised Statutes (**HRS**) § 641-1(c) (2016). Pursuant to HRS § 571-54 (2006), "[a]n interested party, aggrieved by any order or decree of the [family court], may appeal to the intermediate appellate court. . . . upon the same terms and conditions as in other cases

---

[2] When the Order Awarding Custody was entered, KL was not a party and had not sought to intervene in this proceeding for termination of parental rights. KL lacks standing to enforce the parental rights of AB's mother (**Mother**) or father (**Father**). In re F Children, Nos. 28882, 28883, and 28884, 2009 WL 1300933 (Haw. App. May 8, 2009) (mem. op.) at *8 (Father lacks standing to enforce Mother's parental rights). Mother and Father did not appeal the termination of their parental rights to AB. Therefore, the termination of their parental rights is final.

in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided." Rule 3 of the Rules Expediting Child Protective Appeals requires that a notice of appeal be filed within fifteen days after entry of an appealable judgment, order, or decree, but further provides that if the appeal "is otherwise filed within the time permitted by Rule 4 of the Hawai'i Rules of Appellate Procedure [(**HRAP**)], the appeal shall not be dismissed for lack of jurisdiction[.]" HRAP Rule 4(a)(1) provides that a notice of appeal "shall be filed <u>within 30 days after entry of the judgment or appealable order</u>." (Emphasis added).

The Order Awarding Permanent Custody was entered on April 3, 2017. This final order was immediately appealable. <u>In re Doe</u>, 77 Hawai'i 109, 114-15, 883 P.2d 30, 35-36 (1994). KL filed the Notice of Appeal on January 5, 2018. Therefore, the appeal was untimely. The failure to timely file a notice of appeal is a jurisdictional defect that cannot be waived by the parties or disregarded by the court. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986). Therefore, this court lacks jurisdiction to review the Order Awarding Permanent Custody.

(2) Similarly, even if KL had standing to appeal from the Order Continuing Permanent Custody, this court lacks appellate jurisdiction over KL's appeal from the Order Continuing Permanent Custody because the appeal is untimely. The Order Continuing Permanent Custody, entered on July 31, 2017, continued

AB's Permanent custody with DHS, but modified AB's foster custody placement, and was appealable within thirty days of its entry. See, e.g., In re Doe, 7 Haw. App. 547, 551, 784 P.2d 873, 877 (1989) (GAL's 11/28/88 notice of appeal was timely filed from (1) 11/9/88 order denying reconsideration of 10/20/88 order transferring foster custody and (2) the 10/20/88 order transferring foster custody), overruled on other grounds by In re AS, 130 Hawaiʻi 486, 312 P.3d 1193 (App. 2013); In re M.M., No. 29022, 2008 WL 5238611 at *1 (Haw. App. Dec. 17, 2008) (SDO) (Intervenors' 2/22/08 notice of appeal was timely filed from 1/29/08 order that denied their request to place M.M. in their custody rather than current foster parents). KL filed the Notice of Appeal on January 5, 2018. Therefore, the appeal was untimely and this court lacks jurisdiction to review the Order Continuing Permanent Custody.

(3) KL argues that the Family Court erred in denying her August 21, 2017 motion to intervene based on lack of standing, rather than addressing the merits of KL's challenge to DHS's decision, which was approved and adopted by the Family Court in the Order Continuing Permanent Custody, to change AB's resource caregiver placement from KL to AB's maternal great-aunt and her husband (**SH** and **JH**), with whom AB was visiting in New Hampshire, pursuant to a prior order. KL argued that she had a right to intervene based on her hanai relationship with AB and that KL's minor child, TL, had a right to be considered in deciding AB's permanent placement because TL had a blood sibling

4

relationship with AB. KL also stated that she wished to adopt AB. With the motion to intervene, KL also submitted a motion for emergency change of placement, *nunc pro tunc*, from July 13, 2017.

KL contends that the Family Court erred in not recognizing her standing at the September 7, 2017 hearing on the motion to intervene because, at a July 13, 2017 hearing, the court had previously recognized KL's standing in this case. However, the Family Court did not recognize KL as having standing to be a party to these termination proceedings during the July 13, 2017 hearing. After DHS objected to KL speaking at the hearing, the Family Court noted KL was still the resource caregiver at that time and allowed her to speak. Allowing KL to address the court because she was a resource caregiver is consistent with HRS § 587A-14(d) (2006), but does not constitute recognition as a party. The Family Court made no finding at the July 13, 2017 hearing that it was in AB's best interest to allow KL to participate in this termination proceeding as a party or a person with standing to be a party. Moreover, contrary to KL's argument on appeal, KL did not and could not have orally requested to intervene during that hearing because a motion to intervene under Hawai'i Family Court Rules (**HFCR**) Rule 24(c) must be made in writing.

Here, DHS argued and the Family Court agreed that KL failed to establish a right or grounds for permission to intervene in this child protective action pursuant to HFCR Rule 24(a) or (b). In her motion to intervene, KL claimed a right of

intervention pursuant to HFCR Rule 24(a) and (c). HFCR Rule 24 provides, in relevant part:

> **Rule 24. INTERVENTION.**
> **(a) Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action:
>     (1) when a statute confers an unconditional right to intervene; or
>     (2) <u>when the applicant claims an interest relating to</u> the property, transaction, or <u>custody, visitation</u>, or parental rights of a minor child which is the subject of the action and <u>the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest</u>, unless the applicants interest is adequately represented by existing parties.
> **(b) Permissive intervention.** Upon timely application anyone may be permitted to intervene in an action:
>     (1) when a statute confers a conditional right to intervene; or
>     (2) when an applicant's claim or defense and the main action have a question of law or fact in common.
>     When a party to an action relies for ground of claim or defense upon any statute, ordinance or executive order administered by an officer, agency or governmental organization of the State or a county, or upon any regulation, order, requirement or agreement issued or made pursuant to the statute, ordinance or executive order, the officer, agency or governmental organization upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
> **(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the ground therefor and shall be accompanied by a pleading setting forth the claim for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

(Emphasis added).

Although not contained in the record on appeal in this case, it appears that some time prior to the Family Court's September 1, 2017 hearing on KL's motion to intervene, petitions for the adoption of AB had been submitted on behalf of KL and on behalf of SH and JH.

As set forth above, HFCR Rule 24(a)(2) requires a family court to permit intervention by anyone who claims an interest in the custody or visitation of the subject minor child

6

when the applicant is "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest[.]" We conclude that, upon the post-termination submission of a petition for adoption of a minor child, the adoption petitioner is claiming an interest in the custody or visitation of the child and is so situated that the disposition of the placement issues in the termination of parental rights action may, as a practical matter, impair or impede the adoption petitioner's ability to protect that interest. It cannot be ignored that, as a practical matter, post-termination placement decisions can impact adoption proceedings in a variety of ways. That is not to say that the adoption petitioner's interest must be given particular weight, but such petitioners should be permitted to intervene, post-termination, to ensure that their interests are adequately protected.

Here, if at the time the Family Court denied KL's motion to intervene, there was a pending petition for adoption filed on behalf of KL, then the Family Court erred in denying the motion to intervene.[3] However, we reject KL's argument that the Family Court should have necessarily granted such relief *nunc pro tunc*. KL cites no authority for that proposition and we find none.

---

[3] We note that the Family Court also denied a post-termination motion to intervene filed by SH and JH. If at the time the Family Court denied that motion, a petition for adoption on behalf of SH and JH was pending, then the Family Court also erred in denying that motion.

(4) On appeal, KL states that the Order Denying Reconsideration was entered after the Family Court consolidated the two adoption petitions and declared that the court's action rendered KL's arguments in this case moot. KL argues on appeal that if KL was able to have overturned the DHS's choice of resource caregiver placement and KL regained custody of AB, then KL's consent would have been required for any proposed adoption of AB, which would have allowed KL to withhold consent to the New Hampshire adoption. However, it appears that KL's argument that her consent for adoption would have been required if AB were returned to her custody is wrong. HRS § 578-2(a) (2006 & Supp. 2017) states:

§ 578-2 **Consent to adoption.** (a) Persons required to consent to adoption. Unless consent is not required or is dispensed with under subsection (c) hereof, a petition to adopt a child may be granted only if written consent to the proposed adoption has been executed by:

(1) The mother of the child;

(2) A legal father as to whom the child is a legitimate child;

(3) An adjudicated father whose relationship to the child has been determined by a court;

(4) A presumed father under section 578-2(d);

(5) A concerned natural father who is not the legal, adjudicated, or presumed father but who has demonstrated a reasonable degree of interest, concern or responsibility as to the welfare of a child, either:

(A) During the first thirty days after such child's birth; or

(B) Prior to the execution of a valid consent by the mother of the child; or

(C) Prior to the placement of the child with adoptive parents; whichever period of time is greater;

(6)     Any person or agency having legal custody of the child or legally empowered to consent;

(7)     The court having jurisdiction of the custody of the child, if the legal guardian or legal custodian of the person of the child is not empowered to consent to adoption;

(8)     The child to be adopted if more than ten years of age, unless the court in the best interest of the child dispenses with the child's consent.

Even if KL resumed foster custody of AB, KL would not have had legal custody of AB.  HRS § 571-2 (2006) states:

"Legal custody" means the relationship created by the court's decree which imposes on the custodian the responsibility of physical possession of the minor and the duty to protect, train, and discipline the minor and to provide the minor with food, shelter, education, and ordinary medical care, all subject to residual parental rights and responsibilities and the rights and responsibilities of any legally appointed guardian of the person.

HRS § 587A-4 (Supp. 2017) defines foster custody as follows:[4]

"Foster custody" means the legal status created when the department places a child outside of the family home with the agreement of the legal custodian or pursuant to court order, after the court has determined that the child's family is not presently willing and able to provide the child with a safe family home, even with the assistance of a service plan.

The Letters of Permanent Custody, filed on April 3, 2017, appointed DHS as the permanent custodian, with the duty to provide food, clothing, shelter, psychological care, physical care, medical care, supervision, other necessities, and appropriate education to AB.  Thus, DHS, not KL, had legal custody of AB and could provide consent to an adoption under HRS § 578-2(a)(6).

---

[4]     "'Resource family'" means a person or family licensed by the department or another authorized agency to provide foster care services for children and can be used interchangeably with 'foster parent' and 'foster family.'"  HRS § 587A-4.

On appeal, KL presents no other argument that the Family Court abused its discretion in entering the Order Denying Reconsideration. Nevertheless, as stated above, if a post-termination petition for adoption filed on behalf of KL was pending, then the Family Court erred in declining to permit KL to intervene.

For these reasons, KL's appeal is dismissed in part for lack of appellate jurisdiction with respect to the Family Court's April 3, 2017 Order Awarding Permanent Custody and the July 31, 2017 Order Continuing Permanent Custody. The Family Court's October 9, 2017 Order Denying Intervention and December 21, 2017 Order Denying Reconsideration are vacated. Recognizing, however, that AB's circumstances may have changed and the issue of intervention in this termination proceeding may be moot, we remand this case to the Family Court for such further proceedings as may be necessary.

DATED: Honolulu, Hawai'i, November 30, 2018.

On the briefs:

Peter L. Steinberg
for Appellant.

Sandra L.S. Freitas,
Julio C. Herrera,
Deputy Attorneys General,
for Appellee.

Chief Judge

Associate Judge

Associate Judge

10