**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000045
02-APR-2025
07:55 AM
Dkt. 71 ODSLJ**

NO. CAAP-25-0000045

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF K. CHILDREN

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 21-00160)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Upon review of the record in CAAP-25-0000045 and FC-S No. 21-00160,[1] it appears that:

(1) Father-Appellant (**Father**) appeals from the Family Court of the First Circuit's (**family court**) January 17, 2025 "Orders Regarding Child Protective Act" (**January 17, 2025 Order**). Father challenges the family court's denial of his motion for reconsideration of the order denying oral motion for recusal of the Honorable Lesley N. Maloian.

(2) In the underlying case, Petitioner-Appellee Department of Human Services (**DHS**) filed a petition for temporary foster custody, and on March 8, 2024, DHS filed a motion to terminate the parental rights of Father (**TPR Motion**). The record indicates that the family court has not ruled on the TPR Motion, which is set for hearing on April 7, 2025 before the Honorable Kyle T. Dowd, and Father did not seek leave to file an interlocutory appeal.

---

[1] The court takes judicial notice of the record in FC-S No. 21-00160. Hawaiʻi Rules of Evidence Rule 201.

(3) "In general, appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, . . . or (2) a certified interlocutory order." In re Doe, 96 Hawaiʻi 272, 283, 30 P.3d 878, 889 (2001) (citing Hawaii Revised Statutes (**HRS**) §§ 571-54 and 641-1(a)-(b)); HRS § 587A-36 (2018).

(4) This appeal is premature insofar as the TPR Motion remains pending, the family court has not entered an appealable final order, and the January 17, 2025 Order is not independently appealable. See In re Doe, 107 Hawaiʻi 12, 15, 108 P.3d 966, 969 (2005) ("The final order or decree appealable under HRS § 571-54 is the order or decree that determines the ultimate rights and liabilities of the parties."); Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (2016) (setting forth the requirements for leave to file an interlocutory appeal).

(5) When the court "perceive[s] a jurisdictional defect in an appeal, [it] must, *sua sponte*, dismiss that appeal." Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, April 2, 2025.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge