**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000372
18-FEB-2016
09:03 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SIRIPORN NILSAWIT, Defendant-Appellee, and
HAWAI'I NEWS NOW, Applicant-Appellant

NO. CAAP-15-0000372

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCW-14-0001187)

FEBRUARY 18, 2016

FOLEY, PRESIDING J., FUJISE AND LEONARD, JJ.

OPINION OF THE COURT BY FOLEY, J.

Applicant-Appellant Hawaii News Now (**HNN**) appeals from the (1) "Findings of Fact and Conclusions of Law for [HNN's] Application for Extended Coverage and Order" (**FOF/COL and Order**), entered on December 12, 2014 and (2) "Order Denying [HNN's] Motion for Leave to File Appeal of Findings of Fact and Conclusions of Law for [HNN's] Application for Extended Coverage," entered on March 5, 2015 in the District Court of the First Circuit[1] (**district court**).

On appeal, HNN contends the district court erred

---

[1] The Honorable Faye M. Koyanagi presided, unless otherwise indicated.

(1) in holding, "the State had met its burden for limiting extended coverage under [Rules of the Supreme Court of the State of Hawai'i (**RSCH**)] Rule 5.1";

(2) "because the Findings of Fact contained in the Coverage Order are insufficient to serve as a basis for limiting extended coverage under [RSCH] Rule 5.1"; and

(3) "when it based the denial in the Appeal Order on HNN's decision not to file for administrative review[.]"

## I. BACKGROUND

On April 29, 2014, HNN submitted an application for extended coverage[2] to the district court for the criminal case State v. Nilsawit, No. 1DCW-14-0001187 (**Application for Extended Coverage**). On that same day, the district court[3] granted HNN's request on the ground that no objection to extended coverage was made. Plaintiff-Appellee State of Hawai'i (**State**) submitted its objection to HNN's Application for Extended Coverage on May 16, 2014. On October 20, 2014, HNN submitted "[HNN's] Renewed Application for Extended Coverage" (**Renewed Application**). HNN requested that the district court

> deny any objection from any party in the Criminal Proceeding and confirm the Order Granting Coverage affirming that HNN has the right to full and complete coverage of the Criminal Proceeding, including the filming, televising, and photographing of Officer Paul Goo and Siriporn Nilsawit. In the alternative, if the District Court is inclined to reconsider the Order Granting Coverage, the District Court must hold an evidentiary proceeding and, if denying coverage after the same, must issue a complete findings of fact and conclusions of law.

The State submitted its objection to HNN's Renewed Application on October 31, 2014.

A hearing on HNN's Renewed Application took place on November 14, 2014. The district court entered its FOF/COL and Order on December 12, 2014, that provided, in relevant part:

> 5. The Court finds that Officers Goo, Lazaro, and Plevel are involved in other ongoing undercover

---

[2] "Extended coverage" is defined as "any recording or broadcasting of proceedings through the use of television, radio, photographic, or recording equipment by the media or on behalf of educational institutions." RSCH Rule 5.1(c)(2).

[3] The Honorable Russel S. Nagata presided over the Application for Extended Coverage.

investigations and consequently a presumption of good cause exists in the instant matter.

6. The Court further finds by a preponderance of the evidence that good cause exists to prohibit the extended coverage requested by HNN.

. . . .

8. The Court finds and concludes that HNN is prohibited from televising or publishing the faces or likenesses of Officers Goo, Lazaro, and Plevel.

9. The Court further finds and concludes that HNN may televise or publish the proceedings if the faces of Officers Goo, Lazaro, and Plevel are blurred or otherwise made indistinguishable.

10. Finally, the Court finds and concludes that HNN may publish the names of witnesses in the instant matter including the names of Officers Goo, Lazaro, and Plevel.

HNN filed a motion for leave to appeal the district court's FOF/COL and Order on January 21, 2015. The district court denied HNN's motion, stating:

1) Rule 5.1(f)(8) of the [RSCH] finds and concludes [sic] that HNN exceeded the five (5) day period to file a motion for review of an order regarding coverage in violation of Rule 5.1(f)(8). On December 12, 2014 the Court filed its [FOF/COL and Order]. HNN's Motion was filed January 21, 2015 which is beyond the five (5) day period.

The district court entered its Notice of Entry of Judgment And/Or Order on April 1, 2015. HNN filed its notice of appeal to this court on April 28, 2015.

## II. STANDARD OF REVIEW

**Appellate Jurisdiction**

This court is "under an obligation to ensure that we have jurisdiction to hear and determine each case and to dismiss an appeal on our own motion where we conclude we lack jurisdiction." Brooks v. Dana Nance & Co., 113 Hawai'i 406, 412, 153 P.3d 1091, 1097 (2007) (internal quotation marks and brackets omitted) (quoting BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 73, 549 P.2d 1147, 1148 (1976)). "When we perceive a jurisdictional defect in an appeal, we must, *sua sponte*, dismiss that appeal." Brooks, 113 Hawai'i at 412, 153 P.3d at 1097 (internal quotation marks omitted) (quoting Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986)).

## III. DISCUSSION

HNN's appeal challenges the district court's FOF/COL and Order on HNN's request for extended coverage. RSCH Rule 5.1(e)(1) permits the media[4] to request extended coverage of a court proceeding. RSCH Rule 5.1(f)(8) and (9)[5] permit review of a court's order regarding extended coverage. RSCH Rule 5.1(f)(8) provides one avenue for review of a court's order regarding a request for extended coverage. This procedure is available to "[t]he media or educational institution or any party" within five days of the filing of the order, and is subject to review by the administrative judge of the court. RSCH Rule 5.1(f)(8).

RSCH Rule 5.1(f)(9) provides an alternate avenue, in which a party may challenge the court's order as if it were an interlocutory order. "Party," under Rule 5.1(c)(7), is defined as "a named litigant of record who has appeared in the case." Because HNN falls within the definition of "media" but not "party," RSCH Rule 5.1(f)(9) does not provide a mechanism for a news organization to appeal a district court's order regarding its extended coverage request.

---

[4] Under RSCH Rule 5.1(c)(10), "media" is defined as "any news gathering or reporting agencies and the individual persons involved, and includes newspapers, radio, television, radio and television networks, news services, magazines, trade papers, in-house publications, professional journals, or other news reporting or news gathering agencies whose function it is to inform the public or some segment thereof."

[5] RSCH Rule 5.1(f)(8) and (9) state:

> (8) The media or educational institution or any party may obtain review of an order regarding extended coverage by filing a motion for review addressed to the appropriate administrative judge, who shall have full power to vacate and modify the order. A motion for review shall be filed no later than 5 days after the filing of the order regarding coverage. In disposing of the motion for review the administrative judge shall comply with subdivision (f)(2) of this Rule. The record of the proceeding before the administrative judge shall be made part of the record of the underlying proceeding for which coverage is sought. Where a request for extended coverage is initially referred to an administrative judge and ruled upon, there shall be no further review.

> (9) A party may seek appellate review of an order regarding extending coverage, including any such order issued by the administrative judge, pursuant to the procedures available for review of other interlocutory orders, but immediate appellate review of such an order shall not be available as a matter of right.

4

'HNN was required to comply with the procedures under RSCH Rule 5.1(f)(8) in order to appeal a court's order on extended coverage. The district court entered its FOF/COL for HNN's Application for Extended Coverage and Order on December 12, 2014. HNN filed its motion for leave to file appeal of the district court's FOF/COL on January 21, 2015. HNN failed to file its motion within the five day period to the administrative judge of the district court as required under RSCH Rule 5.1(f)(8).

HNN failed to comply with the administrative review process provided by RSCH 5.1(f)(8) for orders regarding requests for extended coverage. This court therefore does not have jurisdiction over this appeal.

## IV. CONCLUSION

Therefore, this appeal is dismissed.

On the briefs:

David R. Major
(Bays Lung Rose & Holma)
for Applicant-Appellant.

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.