**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-26-0000219**
**19-JUN-2026**
**09:32 AM**
**Dkt. 33 ODSLJ**

NO. CAAP-26-0000219

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ERIC MAGAZU, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHU'E DIVISION
(CASE NO. 5DTI-24-009401)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakasone, Chief Judge, Wadsworth and Gluck, JJ.)

Upon review of the record, it appears that self-represented Defendant-Appellant Eric Magazu (**Magazu**) appeals from the District Court of the Fifth Circuit, Lihu'e Division's December 19, 2024 Judgment and Notice of Entry of Judgment (**December 19, 2024 Judgment**), its March 10, 2026 Judgment and Notice of Entry of Judgment, and its March 18, 2026 Court Ruling Re: "Motion for Reconsideration of Order Denying Motion to Set Aside Judgment/Dated March 10, 2026."

"This court is under an obligation to ensure that we have jurisdiction to hear and determine each case and to dismiss

an appeal on our own motion where we conclude we lack jurisdiction.  When we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal."  State v. Nilsawit, 137 Hawai'i 214, 216, 367 P.3d 708, 710 (App. 2016) (citations and quotation marks omitted).

Pursuant to Hawai'i Civil Traffic Rules (**HCTR**) Rule 19(d), "Appeals from **judgments entered after a trial** may be taken in the manner provided for appeals from district court civil judgments."  (Emphasis added).  In interpreting that rule, this court has consistently held that a party to a civil traffic case may only appeal from a judgment entered after a trial requested pursuant to Hawai'i Revised Statutes (**HRS**) § 291D-13(a).  See e.g., State v. Hofer, No. CAAP-18-0000342, 2018 WL 3154593, at *1 (App. June 28, 2018) (Order) (dismissing appeal for lack of jurisdiction because the district court had "not yet held the trial"); State v. Bikle, No. CAAP-17-0000378, 2018 WL 655176, at *1 (App. Feb. 1, 2018) (Order) (noting that an appeal from a civil traffic infraction may only be made "[a]fter the district court enters the resulting judgment on the trial"); cf. HRS §§ 291D-7(c)(2) (Supp. 2025) and 291D-8(b)(4) (Supp. 2025) (providing that appeals are not permitted from district court judgments entered after a defendant admits commission of the infraction but explains mitigating circumstances).  The judgment entered after trial is the "appealable final judgment under HRS § 641-1(a)," because it fully decides all rights and liabilities of all parties, leaving nothing further to be accomplished.  State v. Aquino, No. CAAP-13-0001843, 2013 WL 5508929, at *1 (App. Oct. 4, 2013) (Order).

The December 19, 2024 Judgment is not a judgment entered after a trial.  Because the December 19, 2024 Judgment is not appealable, we conclude the two post-judgment orders from which Magazu also appeals are likewise not appealable.  Cf.

2

State by Office of Consumer Prot. v. Joshua, 141 Hawaiʻi 91, 96 n.8, 405 P.3d 527, 532 n.8 (2017) (noting that "an order on a HRCP Rule 60(b) motion for relief from a final judgment is not appealable without an underlying judgment that is a final, appealable judgment").

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of jurisdiction without prejudice to seeking relief from the District Court under HCTR Rule 18.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, June 19, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge