FRANK E. MIDKIFF, et al., Trustees of the Estate of Bernice Pauahi Bishop, Plaintiffs-Appellees, *v.* CONSTANCE de BISSCHOP, et al., Defendants-Appellants, and KAISER AETNA, a California registered general partnership, Intervenor-Appellee

NO. 6752

JANUARY 31, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* In these consolidated cases, the Trustees of the B. P. Bishop Estate (Trustees) sought summary possession of real property occupied by Defendants-Appellants as lessees under written tenancy agreements for indeterminate periods which provided for termination on 30 days' notice.

Summary judgments were entered for the Trustees on the pleadings, writs of possession were issued and timely notices of appeal were filed. Appellants moved in the circuit court for orders staying the judgments pending appeal, conditioned on the payment of rent as it became due or on the filing of a supersedeas bond in an appropriate amount. The cases were then consolidated by stipulation and court order. Kaiser Aetna, a partnership, moved to intervene "on the grounds that Kaiser Aetna is the grantee of the Special Management Area Permit and holds the development rights to the land . . . ." The motion to intervene was heard prior to the motion for the stay and was granted without objection by the Appellants, although the order granting the motion and making Kaiser Aetna a party plaintiff in the consolidated action was not filed until after the order on the motion for the stay.

The motion for stay of judgment was granted by order entered October 14, 1977, upon the condition that the Appellants post a supersedeas bond in the amount of $90,000 and subject to the further conditions that Appellants forthwith pay all rental arrearages, that the amount of the supersedeas bond be reduced by the amount of future rent payments, that if any of Appellants should fail to pay rent as it came due the Plaintiffs should immediately levy against the bond for the rent and other damages and appellants should immediately voluntarily dismiss this appeal, and that Appellants should be jointly and severally liable for the amount of the bond. Appellants moved in this court to reduce the amount of the supersedeas bond. On October 20, 1977, we ordered that enforcement of the judgment be stayed pending disposition of that motion and gave leave to the circuit court to supplement its order with respect to the supersedeas bond by making findings. These findings were filed on November 22, 1977, and will be referred to in the discussion below.

The circuit court made no finding with respect to the amounts of rentals payable by Appellants under their tenancy agreements. The copies of the tenancy agreements attached to the complaints, which were not disputed, disclose that the monthly rentals aggregated $619, or an aggregate annual rental of $7428, with real property taxes payable by the

Trustees.[1] On the other hand, the Trustees contended by memoranda and affidavits filed in the circuit court that the rent payable by Appellants amounted to $13,500 per year and that Appellants were required by the terms of their leases to pay real property taxes in the amount of $5,600 per year.[2] The discrepancy between the tenancy agreements and the Trustees' contentions is not explained. However, it is not possible to determine its significance to the determination reached by the circuit court, by reason of the emphasis apparently placed upon the delay costs claimed by Kaiser Aetna.

Although permitted to intervene, Kaiser Aetna did not disclose with any particularity its relationship with the lands involved in this proceeding or with the Trustees. The circuit court, in its findings, describes Kaiser Aetna as "the holder of the development rights to the property which is the subject of this dispute." Testimony at the hearing before the circuit court was to the effect that a development agreement between Kaiser Aetna and the Trustees provides to Kaiser Aetna "the opportunity to take down the lease, the master lease and assign it to third party individuals", and further that Kaiser Aetna has plans for an 18-unit cluster development. In its findings, the circuit court recites that in setting the supersedeas bond it considered, in addition to delay costs claimed by the Trustees, testimony adduced by Kaiser Aetna that Kaiser Aetna would suffer damages due to the delay caused by the appeal in the form of increased construction

---

[1] Copies of the tenancy agreements, identical with those attached to the complaints, are also verified by attachment to affidavits submitted in support of the motion for summary judgment, and are attached to the writs of possession.

[2] The affidavits averred only that plaintiffs would lose $13,500 per year in lease rent, without attributing these rentals to the tenancy agreements, but averred that the plaintiffs would have to meet the cost of $5600 per year in real property taxes which would otherwise be paid by the defendants under the terms of "their lease". On the other hand, the memoranda stated that the defendants' rent amounted to $13,500 per year and the real property taxes required to be paid by the defendants under the terms of "the lease" amounted to $5600 per year. The colloquy between court and counsel in the argument on the motion for stay of judgment indicates a shared assumption that the $5600 per year in taxes represented the amount for which Kaiser Aetna would have been obligated, but the source of this assumption is not apparent in the record.

costs in the amount of $85,400 per annum and in the form of lost use of its funds in the amount of $57,960 per annum. From an exhibit introduced by Kaiser Aetna and appended to the circuit court's findings, it is apparent that substantial costs were also claimed by Kaiser Aetna on the assumption that the appeal would result in the loss by Kaiser Aetna of a cluster permit expiring May 11, 1978 and the consequent reduction from 18 to 14 of the number of units which could be constructed.

The circuit court does not disclose the use which it made of these and other data in arriving at the amount of the supersedeas bond. An exchange which took place between the court and Appellants' counsel may be enlightening:

"Mr. Brown: Do I understand that that $90,000 consist (sic) of the court's estimation of increase in construction and development costs due to delay for two and a half years, plus rent and taxes for two and one half years?

"The Court: That's right."

Because this appeal has been docketed in this court during the progress of these proceedings, an application for leave to file a bond may now be made only in this court pursuant to Rule 73(e), H.R.Civ.P. We interpret the papers before us as including an application by Appellants to determine the appropriate security to be furnished by Appellants in the exercise of their right to obtain a stay of execution of the judgment under Rule 62(d), H.R.Civ.P. We would hesitate to disregard a determination of the amount of a supersedeas bond made by the circuit court in the proper exercise of its discretion before the appeal had been docketed here. The posture of this case thus requires that we review the exercise of its discretion by the circuit court in fixing the amount of the supersedeas bond by its order of October 14, 1977.

Rule 73(d), Hawaii Rules of Civil Procedure, provides in part:

"When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of a duly authorized officer or when the proceeds of such property or a bond for its value is in the

custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay.''

Significantly, Rule 73(d) limits the amount of the bond to the amount recoverable by Appellees in the event they are successful in the appeal. The supersedeas bond stands as security for the payment of this amount and cannot otherwise be the foundation of a claim by appellees. When the appeal is from a judgment awarding possession of land, the cause of action of the successful appellee is to recover for temporarily being deprived of the use of the premises. *Jenkins v. Morgan,* 260 P.2d 532 (Utah 1953); Annot., *Measure and Amount of Damages Recoverable Under Supersedeas Bond in Action Involving Recovery or Possession of Real Estate,* 9 A.L.R.3d 330 (1966). The assessment of such damages in an action upon a supersedeas bond is necessarily subject to the general rule that the extent of the appellee's loss must be shown with reasonable certainty and conclusions may not be founded on speculation. *Uyemura v. Wick,* 57 Haw. 102, 551 P.2d 171 (1976). The determination of the amount of a supersedeas bond which will be sufficient to protect the rights of an appellee is committed to the sound discretion of the circuit court, but this discretion is not unlimited. Moreover, the bond requirement may not be used to discourage appeals. A requirement, in a tenant's appeal, of a supersedeas bond in an amount unrelated to actual rent accrued and specific damage sustained by the landlord has been held to be constitutionally defective where the result was to burden appealing tenants more greatly than other appellants. *Lindsey v. Normet,* 405 U.S. 56 (1972).

Proper exercise of its discretion in fixing the amount of the supersedeas bond in this case required the circuit court to determine what damages for delay the Appellees might reasonably be expected to be able to establish with adequate certainty in the event the appeal were to be resolved in their favor. In considering the prospective losses claimed by Kaiser Aetna, the circuit court was required to determine

whether the relationship of Kaiser Aetna to the original parties was such as to enable it to claim against Appellants for the damages secured by the bond. It was not sufficient for the circuit court to rely upon the unopposed intervention of Kaiser Aetna without a showing of the nature and extent of the possessory rights which it holds with respect to the property occupied by Appellants. The record before us does not furnish an adequate basis for the order of the circuit court fixing the amount of the supersedeas bond in this case. We conclude that the circuit court's discretion was not properly exercised and that its order should be disregarded by us in determining the security to be furnished by Appellants.

Rule 73(d) empowers the court, in addition to its authority to fix the amount of a supersedeas bond, to make such other order for the protection of the appellee as may be appropriate. Subject to further order of this court, we will enter, upon submission, an order staying execution of each of the judgments in these consolidated cases during the pendency of this appeal, in each case conditioned upon the payment by the respective appellant of all rentals and other sums required by the respective tenancy agreement, heretofore accrued and hereafter accruing, and the full performance by the respective appellant of all of the tenant's obligations performable during the continuance of the agreement. If the parties are unable to agree upon the terms of the order the disagreement shall be brought before us by motion. Pending entry of such order, the present order staying execution of the judgments pending disposition of Appellants' motion shall remain in effect.

The Appellees may move to require a supersedeas bond or otherwise to modify such security order in accordance with this opinion. In the event that any such motion shall require factual determinations upon an evidentiary hearing, we will give consideration to a temporary remand of this case to the circuit court for that purpose.

*John F. Schweigert* for Defendants-Appellants, for the motion.

*Michael F. McCarthy (Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for Plaintiffs-Appellees.

*William J. Shannon (Damon, Shigekane, Key & Char* of counsel) for Intervenor-Appellee.