**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000554
22-MAY-2026
08:05 AM
Dkt. 241 SO**

NO. CAAP-23-0000554

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDER OF ASSET-BACKED SECURITIES CORPORATION
HOME EQUITY LOAN TRUST 2004-HE7 ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2004-HE7,
Plaintiff/Crossclaim Defendant-Appellee, v.
MARCUS PONO LAKE,
Defendant/Crossclaimant/Third-Party Plaintiff-Appellee, and
MARSHALL D. CHINEN, AS SUCCESSOR SPECIAL ADMINISTRATOR OF THE
ESTATE OF VIOLA LAKE FAO, fka VIOLA INNOCENCIA FAO;
MILILANI TOWN ASSOCIATION, Defendants-Appellees, and
LANIKUHANA PATIO HOMES,
Defendant/Crossclaim Defendant-Appellee, and
1326 KEEAUMOKU, LLC,
Defendant/Crossclaim Defendant/Crossclaimant-Appellant, and
STEPHEN W. FISCHER, INDIVIDUALLY AND AS TRUSTEE FOR THE
STEPHEN W. FISCHER REVOCABLE TRUST;
REALTY PROFESSIONALS, LLC, A HAWAII LIMITED LIABILITY COMPANY;
JRS HUI, LLC, A HAWAII LIMITED LIABILITY COMPANY,
Third-Party Defendants/Crossclaimants-Appellees, and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151001975)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

This appeal arises out of a foreclosure proceeding

brought by Plaintiff/Crossclaim Defendant-Appellee U.S. Bank

National Association as Trustee for the Registered Holder of

Asset Backed Securities Corporation Home Equity Loan Trust 2004-

HE7 Asset Backed Pass-Through Certificates, Series 2004-HE7 (**U.S. Bank**).

Defendant/Crossclaim Defendant/Crossclaimant-Appellant 1326 Keeaumoku LLC (**1326 Keeaumoku**) does not seek relief from the July 26, 2021 interlocutory decree of foreclosure and related Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b) judgment in favor of U.S. Bank, the confirmation of the sale of the subject property (**Property**), or the purchaser's immediate and exclusive possession of the Property. 1326 Keeaumoku is not seeking title. Rather, 1326 Keeaumoku seeks relief from eight orders ruling on motions *in limine* for a trial scheduled on the parties' remaining claims, which was later cancelled, and five orders regarding the distribution of the surplus proceeds from the foreclosure sale, entered by the Circuit Court of the First Circuit (**Circuit Court**):[1] (1-6) the April 11, 2022 orders denying 1326 Keeaumoku's motions *in limine* Nos. 6, 5, 4, 3, 2, 1; (7-8) the April 11, 2022 orders denying Defendant/Crossclaim Defendant-Appellee Lanikuhana Patio Homes' (**Lanikuhana Homes**) motions *in limine* Nos. 11 and 9; (9) the May 16, 2023 Order Granting in Part and Denying in Part 1326 Keeaumoku LLC's Motion for Confirmation of Foreclosure Sale (**1326 Keeaumoku Surplus Order**); (10) the May 16, 2023 Order Partially Granting Plaintiff's Motion for Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, Directing Conveyance and for Writ of Ejectment (**U.S. Bank Surplus Order**); (11) the August 1, 2023 Order Granting in Part and

---

[1] The Honorable Gary W.B. Chang presided.

Denying in Part 1326 Keeaumoku LLC's Motion:  1) to Amend the Minute Order Corresponding with Docket Number 842; or 2) for Clarification; or 3) for Supersedeas Bond (**Order for Supersedeas Bond**); (12) the September 18, 2023 Order Denying with Prejudice 1326 Keeaumoku's Motion for Reconsideration of the [1326 Keeaumoku Surplus Order] (**Order Denying Reconsideration of 1326 Keeaumoku Surplus Order**); and (13) the September 18, 2023 Order Denying with Prejudice 1326 Keeaumoku's Motion for Reconsideration of [U.S. Bank Surplus Order] (**Order Denying Reconsideration of U.S. Bank Surplus Order**).

1326 Keeaumoku raises four points of error on appeal, contending that the Circuit Court erred in:  (1) the award of surplus funds to Defendant/Crossclaimant/Third-Party Plaintiff-Appellee Marcus Pono Lake (**Lake**) and Defendant-Appellee Marshall D. Chinen, Successor Special Administrator of the Estate of Viola Lake Fao FKA Viola Innocencia Fao (**Fao** or **Estate of Fao**), for multiple reasons; (2) denying the motions for reconsideration of the award of surplus funds because the guidance provided in James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 528 P.3d 222 (2023), pertaining to the use of equitable discretion, was new; (3) ruling on the motions *in limine*; and (4) its determination of the amount of the supersedeas bond.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the issues raised and the arguments advanced, we resolve 1326 Keeaumoku's points of error as follows:

(1) 1326 Keeaumoku contends that the Circuit Court erred by awarding the surplus proceeds to Lake and the Estate of Fao because 1326 Keeaumoku is the "owner" for the purpose of distributing the "remainder of the proceeds" to the "owner of the mortgaged property" under Hawaii Revised Statutes (**HRS**) § 667-10 (2016).  1326 Keeaumoku acknowledges that the Circuit Court "sits in equity when they award surplus proceeds," and "is permitted to depart from a literal interpretation of HRS § 667-10," but argues that under HRS § 501-88 its "Certificate of Title provides conclusive evidence that 1326 is the owner of the Property[.]"

"Mortgage foreclosure is a proceeding equitable in nature and is thus governed by the rules of equity."  Beneficial Hawaii, Inc. v. Kida, 96 Hawai'i 289, 312, 30 P.3d 895, 918 (2001).  "Courts of equity have the power to mold their decrees to conserve the equities of the parties under the circumstances of the case.  A court sitting in equity in a foreclosure case has the plenary power to fashion a decree to conform to the equitable requirements of the situation."  Peak Cap. Grp., LLC v. Perez, 141 Hawai'i 160, 172, 407 P.3d 116, 128 (2017) (internal citations and quotation marks omitted).

HRS § 667-10 states in part that "[w]hen public sale is made of the mortgaged property under this part, distribution of the proceeds of the sale shall be as specified in section 667-3, and the remainder of the proceeds, if any, shall be paid over to the owner of the mortgaged property, after deducting the amount of all claims and all expenses attending the same."

The U.S. Bank Surplus Order stated that "upon entry of this Order" the $411,700 foreclosure sale proceeds and rent

4

"shall be disbursed as follows":  $7,673.08 for the commissioner; $208,847.19 for U.S. Bank "inclusive of attorneys' fees and costs, principal, and other charges"; and "[a]ny remaining funds shall be distributed to Lake and the Estate of Fao, jointly and severally."

At the hearing on the motions to confirm foreclosure sale, the Circuit Court stated:

> There is case law in Hawaii that speaks to the matter of excess proceeds as being the subject of the equitable jurisdiction of the Court, and when you couple that together with the manner in which -- or the circumstances under which 1326 acquired its title, the Court does not find or conclude that 1326 acquired its title by a -- an arm's length transaction.  It was a distressed foreclosure proceeding, and the Court is unable to find that fair and reasonable consideration was paid to the seller for the value of the property.
>
> And so for Mr. Lake and Ms. Fao to lose their title because of a foreclosure proceeding that was not designed to obtain a fair market value price is -- is hardly a fair proceeding or manner in which to wrest title away from Mr. Lake and Ms. Fao.  So in applying this court's interpretation of the statute, 667-10 speaks in terms of the owner, not a owner, but the owner of the property being entitled to the excess proceeds after the deduction or payment of all of the expenses.  It strikes the Court that what that statute was intending to do is to allow the sale of the property to take place, to have the mortgagee reimbursed of its debt and expenses, and the remaining sums to go to the owner.  And the Court views the owner in that context as referring to the original owner and not an intervening owner that acquired title in a distressed foreclosure proceeding.

In this case, the record demonstrates the following: Lake and Fao owned a two-bedroom residential property, which is part of an association managed by Lanikuhana Homes; Fao passed away; Lanikuhana Homes commenced a non-judicial foreclosure for unpaid maintenance fees of $16,102.24; Lake was not served with the Lanikuhana Homes' February 4, 2014 Notice of Default and Intention to Foreclose; Lanikuhana Homes published a Notice of Association's Non-Judicial Foreclosure Under Power of Sale (**Notice of Sale**), which stated it is foreclosing under HRS

5

§§ 514B-146 (2006 & Supp. 2013) and 667-91 through 667-104 (Supp. 2012), and "there is a one year right of redemption subject to any applicable tolling provided for in 50 U.S.C. 526(b)"; at the public sale, 1326 Keeaumoku paid $35,000 for the Property, and the record indicates the Property had a tax assessed value of $260,000 as of February 20, 2014, and was sold in the underlying judicial foreclosure for $410,000 in 2023; Lanikuhana Homes conveyed the Property to 1326 Keeaumoku via quitclaim deed recorded on September 9, 2014 (**September 9, 2014 Quitclaim Deed**); on September 2, 2015, and within one year of the September 9, 2014 Quitclaim Deed, Lake exercised his right of redemption under HRS § 667-92(f)(2) (Supp. 2012) by tendering payment for the delinquency, which Lanikuhana Homes acknowledged as a timely redemption. 1326 Keeaumoku declined to recognize Lake's redemption.

Based on the record in this case, we conclude the Circuit Court did not abuse its discretion by awarding the surplus proceeds to Lake and the Estate of Fao. See Peak Cap. Grp., 141 Hawaiʻi at 172, 407 P.3d at 128 ("Whether and to what extent relief should be granted rests within the sound discretion of the [court sitting in equity in a foreclosure case] and will not be disturbed absent an abuse of such discretion.").

In light of this disposition, it is unnecessary to address 1326 Keeaumoku's argument that the Circuit Court erred by awarding U.S. Bank $3,203.40 in accrued interest and "should have examined the attorney's fees and costs" that accrued after August 10, 2022, because this would purportedly impact the amount

of surplus proceeds awarded to Lake and the Estate of Fao, which the Circuit Court concluded 1326 Keeaumoku is not entitled to.

It is also unnecessary to address 1326 Keeaumoku's argument that "it was improper to distribute the Surplus Proceeds prior to the entry of judgment" because the Circuit Court has since entered an April 17, 2026 judgment as to the U.S. Bank Surplus Order and the 1326 Keeaumoku Surplus Order, which allows this court to review the surplus orders.

(2)  1326 Keeaumoku challenges the denial of reconsideration of the surplus orders, arguing that the Circuit Court did not consider new authority concerning equitable relief in foreclosure actions.  We conclude that the Circuit Court did not abuse its discretion because the motions for reconsideration did not provide any new law or facts, and <u>Namahoe</u> presented an application of the court's existing powers to grant equitable relief in a wrongful foreclosure.  <u>See</u> <u>Namahoe</u>, 153 Hawaiʻi at 169, 528 P.3d at 242.  Therefore, we conclude that the Circuit Court did not err by denying 1326 Keeaumoku's motions for reconsideration of the U.S. Bank Surplus Order and the 1326 Keeaumoku Surplus Order.  <u>See</u> <u>Kamaka v. Goodsill Anderson Quinn & Stifel</u>, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008) (stating that "[r]econsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding").

(3)  With respect to 1326 Keeaumoku's third point of error, we conclude that this court lacks appellate jurisdiction to review the eight orders ruling on motions *in limine* as the April 17, 2026 Judgment did not enter final judgment as to any of

7

these orders. <u>See</u> HRS § 641-1(a) (2016) (permitting civil appeals only from "final judgments, orders, or decrees of circuit and district courts . . . "); <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) (stating that when the court "perceive[s] a jurisdictional defect in an appeal, [it] must, *sua sponte*, dismiss that appeal").

(4)  Finally, 1326 Keeaumoku contends that the Circuit Court erred in its calculation of the supersedeas bond, pointing to its separate motion to reduce the bond amount – which this court denied – without further argument in the opening brief.

The Circuit Court calculated the $205,000 amount based on $41,000 interest (10% of the $410,000 sale proceeds) multiplied by 4 years for an appeal, plus "a fifth year" for attorney's fees and costs. Also, although 1326 Keeaumoku objected to that amount, it does not appear that 1326 Keeaumoku suffered prejudice in complying with the Circuit Court's order and deposited $205,000 on June 30, 2023 to stay the distribution of the excess proceeds from escrow. While the Circuit Court could have better articulated an estimate of attorney's fees and costs on appeal, we nevertheless conclude that the Circuit Court did not abuse its discretion in setting the supersedeas bond, which protects the rights of appellees and did not discourage an appeal by 1326 Keeaumoku. <u>See</u> <u>Midkiff v. de Bisschop</u>, 58 Haw. 546, 550, 574 P.2d 128, 131 (1978) ("The determination of the amount of a supersedeas bond which will be sufficient to protect the rights of an appellee is committed to the sound discretion of the circuit court" and "the bond requirement may not be used to discourage appeals."); <u>Kelepolo v. Fernandez</u>, 148 Hawaiʻi 182,

192, 468 P.3d 196, 206 (2020) (stating "when the judgment determines the disposition of property--as in real actions or actions to foreclose mortgages--a court should consider the amount recoverable for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay when setting a supersedeas bond amount").  We conclude that the Circuit Court did not err or abuse its discretion in the Order for Supersedeas Bond.

For these reasons, the 1326 Keeaumoku Surplus Order, U.S. Bank Surplus Order, Order for Supersedeas Bond, Order Denying Reconsideration of 1326 Keeaumoku Surplus Order, Order Denying Reconsideration of U.S. Bank Surplus Order, and the April 17, 2026 Judgment are affirmed.

DATED:  Honolulu, Hawaiʻi, May 22, 2026.

On the briefs:

Colin B. Sakumoto,
for Defendant/Crossclaim
Defendant/Crossclaimant-
Appellant 1326 Keeaumoku, LLC

Charles R. Prather,
Vincent G. Kruse,
(TMLF Hawaii LLLC)
for Plaintiff/Crossclaim
Defendant-Appellee U.S. Bank
National Association, as
Trustee for the Registered
Holder of Asset-Backed
Securities Corporation Home
Equity Loan Trust 2004-HE7
Asset Backed Pass-Through
Certificates, Series 2004-HE7

Richard T. Forrester
(Forrester Legal LLLC)
for Defendant/Crossclaimant/
Third-Party Plaintiff-Appellee
Marcus Pono Lake

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

9